*264 Plaintiff below, an employe of the L. S. &. M. S. Ry. Co., was injured by the giving way of a hand-hold on a car in the company’s yard at Toledo, which car had come into its possession from the Pennsylvania Company at Erie, Pa. Suit was brought jointly against both companies, and a joint judgment rendered against them. The car belonged to the Pennsylvania Co., and was inspected by the servants of said company when delivered at Erie, Pa., to the Lake Shore Co., and by the Lake Shore Co.’s inspector also inspected when received, and was also again inspected by the Lake Shore Co.’s inspector at West Detroit, where the car was received from the Michigan Central Ry. Co., to whom it had been delivered by the Lake Shore Co., under the consignment made by the Pennsylvana Co. The Pennsylvania Co. claimed that if there was any liability to the plaintiff below, the liability was that of the Lake Shore Co. only, who had the sole possession and care of the car at the time of the injury received by plaintiff below. This court holds that the Pennsylvania Co. is rightfully held liable by reason of the condition of the car at the time it was loaded and sent out upon its journey by the Pennsylvania Co., no evidence having been given to show that the company had ever overhauled or examined said car to ascertain its condition or fitness for use prior to its arrival at Erie, Pa. Testimony showed that'the car had been built some sixteen years, and had been in use by the Pennsylvania Co. for thirteen years; the evidence further showed that the woodwork about the hand-liold which had given way, was in a very decayed and defective condition, so that it would not hold the screws, and that evidence of such decay was visible, and that the screws securing the hand-hold were only long enough to go through the outer roof-board, which was of softer wood, and cracked and decayed with long exposure to the weather.
*265 In regard to the Lake Shore Co., it claims that it had the car inspected when it received the same at Erie, Pa., and again in Detroit, Mich., and that it had fully performed its duty in that regard and had no knowledge of the defective condition of the car, and that its inspectors had not been guilty of negligence in inspecting the car. That under the rules of law laid down by the Supreme Court, in Fitzpatrick v. Railroad, 42 Ohio St. 318, it is not liable to its employe, plaintiff below, and that if there was any negligence, it was the negligence of a co-employe, to-wit: the inspector. On the other hand, counsel for defendant in error relies upon the act of the General Assembly of Ohio, see Ohio Laws 1890, page 149, section 2, which section provides, among other things, that when an employe of a railroad company, operating a car in Ohio, is injured by a defective attachment upon a car, such corporation shall be deemed to have knowledge of such defect before and at the time such injury was so sustained, and when the fact of such defect shall be made to appear in the trial of any case in the courts of this state, brought by such employe on account of such injuries so received, the same shall be pi'ima facie evidence of negligence on the part of such corporation.
By the Court: Held, that the true construction of said statute is that said fact of defect being proved, it shall be prima facie evidence of knowledge of such defect and negligence on the part of the corporation, but the corporation may rebut such prima facie evidence by showing that it had no such knowledge, and was not guilty of negligence; and in support of such claim on its part, it may show that by careful and vigilant inspection of the car in question by competent inspectors when it received said car, no such defect had been discovered.
. Held, further, under the facts of this case, that the jury were warranted in finding that sufficient inspection and examination had not been made by the defendant cor *266 poration to rebut the prima facie evidence of knowledge and negligence imputed to it by the statute in question.
E. W. Toler ton and E. D. Potter, Jr., for Plaintiffs in-Error.
Scribner & Hurd, for Defendant in Error.
Claim is made that the damages awarded by the jury are-excessive. Upon careful review of the testimony this court-holds that there is nothing in the same to show that the jury were actuated by passion or prejudice in assessing damages. '
Judgment is therefore affirmed.